AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of Oregon

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 3:22-mc-01107
)
Chase Bank Account as described in )
Attachment A hereto )
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Chase Bank Account(s), as described in Attachment A hereto.

located in the _____ District of Oregon, there is now concealed *(identify the person or describe the property to be seized)*:

U.S. Currency.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and 846 and 18 U.S.C. § 1956 | Conspiracy to distribute controlled substances and money laundering. |

The application is based on these facts:
See affidavit which is attached hereto and incorporated herein by this reference.

☑ Continued on the attached sheet.
☐ Delayed notice of \_\_\_\_\_ days *(give exact ending date if more than 30 days:* \_\_\_\_\_ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Special Agent Adam Otte, DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone at 2:32 p.m. *(specify reliable electronic means)*.

Date: November 29, 2022

*Judge's signature*

City and state: Portland, Oregon    Hon. Andrew D. Hallman, United States Magistrate Judge
*Printed name and title*

DISTRICT OF OREGON, ss:         AFFIDAVIT OF SPECIAL AGENT ADAM OTTE

**Affidavit in Support of an Application Under Rule 41
for a Warrant to Search and Seize Evidence**

I, Adam Otte, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.      I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7).  I am currently employed as a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice, and have been so employed since 2004.  In that capacity, I investigate violations of the Controlled Substances Act, Title 21, United States Code, Section 801, *et. seq*.  Until September 2012, I was assigned to the Seattle Field Division Office.  In September 2012, I was assigned to the Salem, Oregon Resident Office.  I have completed sixteen (16) weeks of DEA Basic Agent training at the Justice Training Center in Quantico, Virginia.  I am familiar with investigations of drug trafficking organizations, methods of importation and distribution of controlled substances, and financial investigations.  I have been a case agent on multiple investigations involving organizations trafficking several controlled substances to include marijuana, cocaine, heroin, methamphetamine, fentanyl, and MDMA.  I have been the lead case agent or a co-case agent on numerous wiretap investigations as well as numerous other investigations.  In each of these investigations, I have participated in directing the course of the investigation.  These investigations have resulted in the seizure of controlled substances as well as millions of dollars of United States currency and the federal prosecution of more than 100 defendants.

///

2.	I submit this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the following: Any and all accounts with Chase Bank in the name of Fernando Barriga-Antonio with a year of birth of 2001 and a social security number ending in 4064 as further described in Attachment A (referred to as the "**Accounts**") hereto for evidence, fruits and instrumentalities of violations of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 1956.  As set forth below, I have probable cause to believe that proceeds from the sales of controlled substances are currently inside the **Accounts**.

3.	This affidavit is intended to show only that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.   The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

## Applicable Law

4.	Title 21 United States Code Section 846 prohibits engaging in a conspiracy to possess with intent to distribute and distribute a controlled substance and Title 18, United States Code, Section 1956 prohibits financial transactions using the proceeds of a specified unlawful activity with the intent to promote the unlawful activity or to conceal or disguise the nature of the proceeds of unlawful activity (money laundering).

///

**Affidavit of Special Agent Otte**                                                                                                               **Page  2**

**Statement of Probable Cause**

5.      On November 16, 2022, Oregon State Police (OSP) Trooper Miller initiated a traffic stop on a Mercedes sedan with California license plates as the vehicle traveled southbound on I-5 near Albany, Oregon.   Trooper Miller is a canine handler for OSP and is also a DEA Task Force Officer assigned to Salem DEA.   Trooper Miller has been a law enforcement officers in Oregon for more than 24 years and has been assigned to some form or narcotics investigations for approximately 20 years.

6.      Trooper Miller identified the driver as Deodoro Barriga-Antonio ("DEODORO") and the sole passenger as Fernando Barriga-Antonio ("FERNANDO").   DEODORO has a California driver license with a Los Angeles, California address.   During the encounter, Trooper Miller obtained verbal consent from both occupants to search the Mercedes.   Trooper Miller was assisted by Troopers Smith and Show during the encounter.   As Trooper Miller was preparing to search the Mercedes, Trooper Smith told Trooper Miller to stop as DEODORO had revoked his consent.   Trooper Miller then deployed his canine, trained to detect the odors of methamphetamine, cocaine, and heroin, to the exterior of the Mercedes.   The canine provided a positive alert to the presence of one of these substances.

7.      Trooper Miller then searched the Mercedes pursuant to the probable cause developed.   Pursuant to this, Trooper Miller located a digital scale with residue in the center console and a shopping bag on the floor behind the driver's seat that contained $19,600 United States currency.   OSP Troopers seized this currency, along with $177 located in FERNANDO's wallet.

///

**Affidavit of Special Agent Otte**                                                                                                      **Page 3**

8. Trooper Miller then spoke to the driver, DEODORO, after reading him *Miranda* warnings. DEODORO denied ownership of the money located in the Mercedes. FERNANDO then told Trooper Miller the bag of money belonged to him. Trooper Miller then read FERNANDO *Miranda* warnings. FERNANDO reported to officers that he had withdrawn the money from a bank because his brother DEODORO wanted to purchase a vehicle from a Craigslist advertisement in Portland. When Trooper Miller asked how much the vehicle cost, FERNANDO reported it was approximately $20,000 and then reported that he had about $10,000 or a little more. Trooper Miller asked how they could purchase a vehicle priced at $20,000 if they only had $10,000 and FERNANDO reported that they hoped to negotiate with the seller. Trooper Show then interjected and told FERNANDO to tell Trooper Miller how much was in the bank account. FERNANDO reported that he had a joint account with his father and that FERNANDO had $50,000 and his father had $150,000 in the account. Trooper Miller asked FERNANDO where they had stayed the night prior and FERNANDO reported that they (FERNANDO and DEODORO) slept in the car somewhere in downtown Portland. Both DEODORO and FERNANDO said they were from California. FERNANDO told law enforcement that they were on their way back to Los Angeles, California after having driven up to Oregon just a few days beforehand.

9. Trooper Miller then spoke again to DEODORO who reported that he and FERNANDO had visited family, aunts and uncles, in Gresham and that they had stayed at the family's house the night prior. Trooper Miller asked if visiting family was the only reason the two had come to the Portland area and DEODORO said it was.

///

**Affidavit of Special Agent Otte**                                                                                                                          **Page 4**

10.     Both FERNANDO and DEODORO subsequently agreed to be interviewed by OSP Det. Hargis and both consented to a hand search of their cell phones.   During Det. Hargis' interview with FERNANDO, FERNANDO reported that he and his brother had come to Portland to meet a girl and buy a truck.   FERNANDO took the money out of the bank account for his brother.   FERNANDO took about $10,000 out of the bank account and showed Det. Hargis the debit card for the account though FERNANDO had no receipts for the withdrawal.   All of the cash found in the Mercedes was FERNANDO's and none of it belonged to DEODORO.   FERNANDO reported that he has not worked since April of 2022 and that he currently had no means of making an income.   Prior to that, FERNANDO said he worked for a tow truck company and at a Carl Jr.'s restaurant for more than two years.

11.     FERNANDO and Det. Hargis looked through FERNANDO's phone together. Det. Hargis located several videos and photographs of various amounts of cocaine and methamphetamine.   FERNANDO reported that an ounce of cocaine sells for $1,000. FERNANDO reported that "Fetti" was cocaine mixed with fentanyl and that an ounce sells for $650.   Det. Hargis also located what appeared to be a drug ledger in FERNANDO's phone and discussed it with FERNANDO.   In substance, FERNANDO did not deny that the list was a reference to drug transactions but denied being involved in selling drugs in Oregon.   At the end of the interview, FERNANDO explained that about $10,000 of the money from the car was his and about $9,000 belonged to FERNANDO's farther.

12.     While reviewing saved messages stored in FERNADO's phone, Det. Hargis observed a message that read something to the effect of, "Take the rest of the product here" with an address to a hotel in Gresham.   During Det. Hargis' interview of DEODORO, he located that

**Affidavit of Special Agent Otte**                                                                                                        **Page 5**

same address in DEODORO's phone.  FERNANDO reported that he did not go to that address while DEODORO reported that when they arrived at that location, DEODORO remained in the car while FERNANDO got out with "something."

13. Following the interviews of both subjects, officers were preparing paperwork to release both FERNANDO and DEODORO.  At this time, FERNANDO reported that the money in the Mercedes was not his.  Det. Hargis confirmed that FERNANDO disclaimed the money and that FERNANDO did not want to tell Det. Hargis to whom the money belonged.  Det. Hargis also reported that FERNANDO said he had delivered about five packages of what he believed was cocaine to the address in Gresham, Oregon.  In context I believe he was referring to delivering five kilograms of cocaine.  I know that a kilogram of cocaine in Oregon sells for approximately $30,000.

## Knowledge Based on Training and Experience

14. Based upon my training and experience, and conversations with, and training from, other officers and agents involved in drug investigations, I know that drug dealing is primary a cash business in that drugs are typically bought with cash and sold for cash.  I also know that one of the greatest challenges for drug traffickers is how to handle, manage, hide, and transport large amounts of cash in an effort to pay their sources of supply, their employees, themselves, and to avoid detection and seizure by law enforcement.

15. In my experience, I know that the ultimate sources of supply for the vast majority of controlled substances distributed in Oregon are drug trafficking organizations located in Mexico.  I know that these drug trafficking organizations work to get the cash from drug sales in the United States to Mexico, most commonly in the form of bulk cash shipments and/or wire

transfers. I also know that drug traffickers will also deposit cash into banks and utilize the bank's ability to quickly and effortlessly wire funds to transfer money to their employers and sources of supply in Mexico. I also know that for those members of drug trafficking organizations who reside in the United States, their portion of profits are often not sent to Mexico but remain in the United States for ease of access. These members must find other methods of converting that cash into seemingly legitimate sources of income, such as income from cash-intensive businesses. One such method is to deposit cash proceeds into United States bank accounts in a manner that goes undetected by law enforcement and banking officials, namely in amounts of less than $10,000.

## Conclusion

16. As described herein, I believe FERNANDO is involved in drug trafficking in violation of 21 U.S.C. §§ 841(a)(1) and 846 and money laundering in violation of 21 U.S.C. § 1956. Based on the information described herein, I believe that FERNANDO and DEODORO traveled from Los Angeles, California to Gresham, Oregon for the purpose of delivering a large shipment of controlled substances. I also know that FERNANDO is not currently working and his prior employment does not appear to support the money he claims in a bank account. I believe the money located in the Mercedes was likely payment, or partial payment, for that delivery. Moreover, I believe the contents of the **Accounts** contain the proceeds of drug trafficking activity.

17. I therefore request that the Court issue a warrant authorizing searches of the **Accounts** described in Attachment A and the seizure of the contents (U.S. Currency) of the **Accounts**.

18. Prior to being submitted to the Court, this affidavit, the accompanying application, and the requested search warrant were all reviewed by Assistant United States Attorney Scott Kerin. I was informed that it is AUSA Kerin's opinion that the affidavit and application are legally and factually sufficient to establish probable cause to support the issuance of the requested warrant and that the information likely to be obtained is relevant to an ongoing criminal investigation.

## Request for Sealing

19. It is respectfully requested that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested search warrants, including the application, this affidavit, the attachments, and the requested search warrants. I believe that sealing these documents is necessary because the information to be seized is relevant to an ongoing investigation, and any disclosure of the information at this time may endanger the life or physical safety of an individual, cause flight from prosecution, cause destruction of or tampering with evidence, cause intimidation of potential witnesses, or otherwise seriously jeopardize an

///

///

///

investigation.   Premature disclosure of the contents of the application, this affidavit, the attachments, and the requested search warrant may adversely affect the integrity of the investigation.

*By phone pursuant to Fed. R. Crim. P. 4.1*
Adam Otte
Special Agent, DEA

Subscribed and sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 2:32 p.m. on November 29, 2022.

_____
HONORABLE ANDREW D. HALLMAN
United States Magistrate Judge

**ATTACHMENT A**
**(Locations to be Searched)**

Any and all accounts at Chase Bank in the name of Fernando Barriga-Antonio with a year of birth of 2001 and a Social Security Number ending in 4064 (the "**Accounts**") that were subject to a Demand to Freeze Bank Accounts served on Chase Bank by Oregon State Police on November 17, 2022.